## KEITH v. PARKER.

### (Circuit Court, D. Oregon. April 29, 1902.)

### No. 2,687.

NOTES—VARYING BY ORAL AGREEMENT.

> A note promising to pay a certain sum at a certain time is varied by contemporaneous oral agreement that the payee and another might pay themselves that amount out of such funds as might be derived from operation of mines, which they agreed to operate if the maker did certain things.[1]

Snow & McCamant, for plaintiff.

Cotton, Teal & Minor and Butcher & Correll, for defendant.

BELLINGER, District Judge. This is an action upon a promissory note for $7,500. The defendant's answer sets out an agreement of even date with the note, entered into between the defendant as the party of the first part and the plaintiff and one Bamberger, in which it is recited that the party of the first part owns certain lode mining claims and mill sites, consisting of two groups, which claims are designated by their names; that said party expects to be able to procure, and will do so, if able, an option to purchase the right to use and work an adjoining claim, called the "Wide West," and the Wide West tunnel, and to dump at the mouth of said tunnel; and said party agrees that, if he secures such right, he will assign such option to the parties of the second part, who agree on their part to extend the Wide West tunnel to a connection with one of the said mines before mentioned, named the "La Bellevue," and will further construct a raise from the Wide West tunnel to a certain tunnel in the La Bellevue group, and make certain other improvements of like character, connecting said Wide West tunnel with others of the claims mentioned. Upon the completion of the work the first party agrees to convey to each of the second parties an undivided one-third interest in the properties mentioned, subject to a payment of $50,000 to the first party out of the net proceeds resulting from the operation of the mine or its sale. The second parties were not obliged to pay said sum otherwise than as it might be derived as aforesaid from the mine. It is alleged that, in order to induce Parker, the defendant, to enter into the agreement mentioned, the plaintiff, Keith, advanced to said defendant $7,500, for which the note in suit was given. It is further alleged that the note and agreement were parts of one transaction; that it was further agreed between the parties that the $7,500 for which the note was given should be payable only out of the first proceeds of the operation or sale of the mining claims described in the agreement, and not otherwise, and that the plaintiff acted in the transaction, and holds the note in question for himself and Bamberger jointly; that the second parties represented and promised that a sum more than sufficient to pay the note would be realized from the mines within six months from the date of the agreement, and that the note was given by the defendant only on the condition that such sum would be realized within said time. Plaintiff moves to strike out such parts of the an-

[1] See Evidence, vol. 20, Cent. Dig. § 1800.

swer as allege that the note sued on was to be paid out of the proceeds of the mines, and not otherwise, and that it is held by plaintiff for himself and Bamberger jointly.

I conclude, contrary to the opinion heretofore rendered upon this motion, that the effect of the averments in question is to vary the terms of the note upon which recovery is sought. If so, these matters are not admissible as a defense. The rule is established that a contemporaneous verbal agreement cannot be proved to vary or contradict a written contract. Burnes v. Scott, 117 U. S. 585, 6 Sup. Ct. 865, 29 L. Ed. 991. The authorities to this effect are numerous. By the written agreement the defendant promised to pay $7,500, with interest, six months after date. According to the matter pleaded, he did not promise to pay anything, but agreed that the payee and Bamberger might pay themselves that amount out of such funds as might be derived from the operation of certain mines, which the plaintiff and Bamberger agreed to operate provided the defendant performed certain conditions precedent to such operation. There was a written agreement between plaintiff and Bamberger on the one part and the defendant on the other, contemporaneous with the note, which sets forth in precise terms the obligations and the duties of the parties as to the operation of the mines and the payment of the $50,000 expected to be derived therefrom. There is a conclusive presumption that, where the parties have thus explicitly set forth the terms and conditions upon which they have agreed, they have stated what they intended, and it is inconceivable that they intended something to the contrary of what they have thus stated. Any other rule than that adopted would render written contracts and obligations worthless. In the note sued on, the maker authorizes the payee to pay the note out of the first net proceeds of the mine, and he states that when the note is thus paid the parties of the second part to the mine contract are to be credited with the amount upon the $50,000 payment which they were required to make out of net proceeds of the mine, and not otherwise. Now, if the $7,500 was to be repaid only out of the $50,000, it became, in effect, an advance payment on the $50,000, and there was no reason why the note should have been made. In such case Parker was entitled to keep the $7,500, and Keith and Bamberger were required to pay $50,000, less the $7,500 advanced. In other words, according to the averments in question, Parker was not required to repay the $7,500. He was merely entitled to receive out of the net proceeds of the mine that much less than he would otherwise receive. Under such an agreement Keith and Bamberger were required to pay $7,500 out of their own pockets and $42,500 out of the mine, although the contemporaneous written mining agreement says that the $50,000 was to be paid by the second parties out of the net proceeds of the mine, and that they were not personally obligated to pay it out of their own pockets. So that the matter alleged not only varies the obligation of the promissory note, but it operates to change the effect of the written agreement between Parker on the one part and Keith and Bamberger on the other, set out in the answer.

The motion to strike out is allowed. I see no reason to change the ruling heretofore made as to the counterclaim, and the demurrer as to that is sustained.